JUSTICE TRIEWEILER
concurring.
¶48 I concur with the result of the majority opinion. However, in doing so, I do not agree with the reasoning given by the majority for resolving issue No. 1 which is related to the affidavit testimony of Kathleen St. John and Caroline Sauro.
¶49 If the testimony admitted by affidavit was truly hearsay, I would conclude that it was inadmissible, since it does not come within any of the exceptions to Rule 802 found at Rule 803 of the Montana Rules of Evidence.
¶50 However, I conclude that the evidence to which Jack Silver objects was not hearsay evidence. “Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” Rule 801(c). As noted in State v. Newman (1973), 162 Mont. 450, 457, 513 P.2d 258, 262, cited in the Commission Commentto Rule 801, hearsay is inadmissible because it rests “for its value upon the credibility of the out-of-court asserter.”
¶51 In this case, the out-of-court statement related by Kathleen St. John and Caroline Sauro was that Morris “asserted that the money was still Morris’.” The affidavit testimony was not offered to prove the truth of what Morris asserted and did not depend on Morris’ credibility. The affidavits were offered, instead, to prove that Morris actually made the statement, and, therefore, depended solely on the credibility of Kathleen St. John and Caroline Sauro.
*516 ¶52 If Morris made the statement related by the two witnesses, then the statement was in fact probative of his intent without regard to whether he was being truthful.
¶53 For these reasons, I concur with the result of the majority opinion, although I do not agree with everything that is said therein.